Filed 2/15/22  P. v. Jones CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B308831 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. YA024887) |
| v. | |
| ANTONIO DEJUAN JONES, | |
| Defendant and Appellant. | |

APPEAL from a postjudgment order of the Superior Court of Los Angeles County, Hector M. Guzman, Judge.  Affirmed.

G. Martin Velez, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior

Assistant Attorney General, Idan Ivri and Roberta L. Davis, Deputy Attorneys General, for Plaintiff and Respondent.

––––––––––––––

Antonio Dejuan Jones, convicted in 1996 following a jury trial of first degree murder with a felony-murder special-circumstance finding, appeals the superior court's summary denial of his petition for resentencing pursuant to Penal Code section 1170.95[1] without first appointing counsel and inviting briefing. Although the court erred by denying the petition without appointing counsel (*People v. Lewis* (2021) 11 Cal.5th 952, 963 (*Lewis*) ["petitioners who file a complying petition requesting counsel are to receive counsel upon the filing of a compliant petition"]), the error was harmless because, as the actual killer of Refugio Garcia, Jones is ineligible for resentencing under section 1170.95 as a matter of law.

## FACTUAL AND PROCEDURAL BACKGROUND

### 1. *Jones's Conviction for Murder and Other Crimes*

Jones was charged in a seven count information filed in October 1995 with one count of murder (§ 187, subd. (a)), two counts of attempted willful, deliberate and premeditated murder (§§ 187, subd. (a), 664), kidnapping to commit robbery (§ 209, subd. (b)), carjacking (§ 215, subd. (a)) and two counts of robbery (§ 211). The murder was alleged to have been committed in the course of a robbery (§ 190.2, subd. (a)(17)); a firearm-use enhancement was alleged as to each count (§ 12022.5, subd. (a)); and it was alleged as to all counts other than for murder that Jones had inflicted great bodily injury on his victim (§ 12022.7, subd. (a)).

––––––––––––––

[1] Statutory references are to this code.

The murder charge was based on Jones's shooting of Garcia while Jones was stealing an ice cream truck. As described in our opinion affirming Jones's convictions on direct appeal, "[O]n November 15, 1994, appellant drove off in an ice cream truck in Inglewood. He put a gun to Refugio Garcia's back and ordered Garcia out of the truck. Garcia stood there telling Carmen Osorio [his wife] to get out of the truck. Appellant fatally shot Garcia and drove off with Osorio in the truck. Appellant kept his gun pointed at her, stopped in an alley and shot Osorio in the arm. Then, he put the gun to Osorio's chest and pulled the trigger. The gun misfired. Appellant took Osorio's purse, which contained about $400, and ran off." (*People v. Jones* (May 14, 1997, B100836) [nonpub. opn.].)

The jury convicted Jones on all charges and found true the felony-murder special-circumstance allegation, as well as all other enhancement allegations. The trial court sentenced Jones to life without parole for the special-circumstance murder plus two consecutive indeterminate life terms for the attempted murders plus a determinate term of 18 years for various enhancements.

We affirmed Jones's convictions, rejecting his contention the trial court had erred in denying his request for an evaluation of his suitability for housing at the California Youth Authority rather than in state prison. (Jones was several weeks shy of his 18th birthday at the time of his commitment offenses.) (*People v. Jones*, *supra*, B100836.)

2. *Jones's Petition for Resentencing*

On September 4, 2020 Jones, representing himself, filed a petition for resentencing under section 1170.95 and requested the court appoint counsel to represent him in the resentencing

proceedings. Jones checked boxes on the printed form petition to establish his eligibility for resentencing relief, including the boxes stating he had been convicted of first or second degree murder pursuant to the felony-murder rule or the natural and probable consequences doctrine and could not now be convicted of first or second degree murder because of changes made to sections 188 and 189 by Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015) (Senate Bill 1437).

On September 9, 2020 the superior court summarily denied the petition without appointing counsel. The court's order stated it had reviewed the court file, including this court's opinion and the trial transcripts, which established that Jones "was the actual killer, not someone convicted only as an aider and abettor. The jury also made a finding under § 12022.5 that he used a firearm." Thus, the court ruled, "[Jones] is not entitled to relief under section 1170.95 as a matter of law."

Jones filed a timely notice of appeal.

## DISCUSSION

1. *Senate Bill 1437 and the Section 1170.95 Petition Procedure*

Senate Bill 1437 substantially modified the law relating to accomplice liability for murder, eliminating the natural and probable consequences doctrine as a basis for finding a defendant guilty of murder (*People v. Gentile* (2020) 10 Cal.5th 830, 842-843 (*Gentile*)) and significantly narrowing the felony-murder exception to the malice requirement for murder. (§§ 188, subd. (a)(3), 189, subd. (e); see *Lewis*, *supra*, 11 Cal.5th at

4

p. 957.)[2]  It also authorized, through new section 1170.95, an individual convicted of felony murder or murder based on the natural and probable consequences doctrine to petition the sentencing court to vacate the conviction and be resentenced on any remaining counts if he or she could not have been convicted of murder because of Senate Bill 1437's changes to the definition of the crime.  (See *Lewis*, at p. 957; *Gentile*, at p. 843.)

If the section 1170.95 petition contains all the required information, including a declaration by the petitioner that he or she is eligible for relief (§ 1170.95, subd. (b)(1)(A)), the court must appoint counsel to represent the petitioner, if requested (§ 1170.95, subd. (b)(3)),[3] and direct the prosecutor to file a response to the petition, permit the petitioner to file a reply and determine if the petitioner has made a prima facie showing that he or she is entitled to relief.  (§ 1170.95, subd. (c); see *Lewis*, *supra*, 11 Cal.5th at pp. 962-963.)

In determining whether the petitioner has carried the burden of making the requisite prima facie showing he or she falls within the provisions of section 1170.95 and is entitled to relief, the superior court properly examines the record of conviction, "allowing the court to distinguish petitions with potential merit from those that are clearly meritless."  (*Lewis*, *supra*, 11 Cal.5th at p. 971.)  However, "the prima facie inquiry under subdivision (c) is limited.  Like the analogous prima facie

---

[2]    As amended by Senate Bill No. 775 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 551, § 2), effective January 1, 2022, the ameliorative provisions of Senate Bill 1437 now also apply to attempted murder and voluntary manslaughter.

[3]    Prior to enactment of Senate Bill 775 the requirement to appoint counsel was set forth in subdivision (c) of section 1170.95.

inquiry in habeas corpus proceedings, the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause. . . . However, if the record, including the court's own documents, contain[s] facts refuting the allegations made in the petition, then the court is justified in making a credibility determination adverse to the petitioner." (*Id.* at pp. 970-971, internal quotation marks omitted.)

If the section 1170.95, subdivision (c), prima facie showing has been made, the court must issue an order to show cause and hold an evidentiary hearing to determine whether to vacate the murder conviction and resentence the petitioner on any remaining counts. (§ 1170.95, subd. (d)(1).) At the hearing the prosecution has the burden of proving beyond a reasonable doubt that the petitioner is ineligible for resentencing. (§ 1170.95, subd. (d)(3).)[4] The prosecutor and petitioner may rely on the record of conviction or offer new or additional evidence to meet their respective burdens. (See *Gentile*, *supra*, 10 Cal.5th at pp. 853-854.)

2. *The Error in Denying Jones's Petition Without Appointing Counsel Was Harmless*

In his opening appellate brief, filed two months before the Supreme Court's decision in *Lewis*, *supra*, 11 Cal.5th 952, Jones

---

[4]     As amended by Senate Bill No. 775, section 1170.95, subdivision (d)(3), now clarifies that, "A finding that there is substantial evidence to support a conviction for murder, attempted murder, or manslaughter is insufficient to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing."

argued only that the superior court had erred in denying his petition without first appointing counsel and that the error was structural, requiring reversal of the order denying his petition without regard to prejudice.[5]  As discussed, the *Lewis* Court held, once a petitioner files a facially sufficient petition requesting counsel, the superior court must appoint counsel before performing any prima facie review under section 1170.95, subdivision (c).  (*Lewis*, at p. 963.)  Because Jones checked all the necessary boxes on his form petition, the superior court erred by denying his petition without first appointing counsel.

The *Lewis* Court, however, also held a superior court's failure to appoint counsel to represent a petitioner when assessing whether he or she has made a prima facie showing of entitlement to relief pursuant to section 1170.95, subdivision (c), is state law error only, reviewable for prejudice under the harmless error standard of *People v. Watson* (1956) 46 Cal.2d 818.  (*Lewis*, *supra*, 11 Cal.5th at pp. 957, 973-974.)  The Court explained, "There is no unconditional state or federal constitutional right to counsel to pursue collateral relief from a judgment of conviction.  [Citations.]  However, we have held that 'if a [habeas corpus] petition attacking the validity of a judgment states a prima facie case leading to issuance of an order to show cause, the appointment of counsel is demanded by due process concerns.'  [Citation.]  When 'an indigent petitioner has stated facts sufficient to satisfy the court that a hearing is required, his claim can no longer be treated as frivolous and he is entitled to have counsel appointed to represent him.'  [Citations.]  [¶]  For the same reasons, a petitioner is not constitutionally entitled to

---

[5]      Jones did not file a reply brief.

7

counsel at the outset of the subdivision (c) stage of the section 1170.95 petitioning process. [Citation.] At this point, the petitioner has not yet 'stated facts sufficient to satisfy the court that a hearing is required,' but merely endeavors to do so." (*Id.* at pp. 972-973.)

The record of conviction here, as the superior court ruled, established that Jones is ineligible for resentencing under section 1170.95 as a matter of law. The information alleged Jones alone killed Garcia during the robbery and carjacking of the ice cream truck; the case was tried on that theory. Jones was not tried as an accomplice to the murder; and the jury was not instructed on any theories of vicarious liability. Indeed, the jury found Jones had personally used a firearm in the commission of the murder. Jones does not argue otherwise.

To be sure, it appears Jones was prosecuted and convicted under the felony-murder rule. However, as amended by Senate Bill 1437, section 189, subdivision (e)(1), provides a perpetrator of one of the felonies listed in section 189, subdivision (a), which includes both carjacking and robbery, who was the actual killer of a victim during the felony, is guilty of first degree murder. Thus, the theory under which Jones was convicted remains valid, and he is ineligible for resentencing as a matter of law. (See *People v. Mancilla* (2021) 67 Cal.App.5th 854, 864 [petitioner is ineligible for relief as a matter of law if the record of conviction establishes he or she was not convicted under a theory of liability affected by Senate Bill 1437's amendments to the law of murder].)

Because there is no reasonable probability Jones would have obtained a more favorable result if counsel had been appointed and given the opportunity to file a memorandum supporting the petition, the court's error in failing to appoint

8

counsel was harmless.  (See *People v. Watson*, *supra*, 46 Cal.2d at p. 836 [an error violating only California law is harmless unless "it is reasonably probable that a result more favorable to the appealing party would have been reached in the absence of the error"].)

## DISPOSITION

The postjudgment order denying Jones's petition for resentencing under section 1170.95 is affirmed.


PERLUSS, P. J.

We concur:


SEGAL, J.


FEUER, J.